UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAEWEATHERS MARSHALL, | No. 2:17-cv-1272 AC P |
| Plaintiff, | |
| v. | ORDER |
| J. ABERNATHY, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner at California State Prison Sacramento (CSP-SAC), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915.

Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). See ECF No. 8. For the reasons that follow, plaintiff's request to proceed in forma pauperis is granted and his complaint is dismissed with leave to file a First Amended Complaint.

II. In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma

pauperis, ECF No. 2, will be granted.

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### III. Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

IV.     Screening of Plaintiff's Complaint

Plaintiff alleges that numerous defendants have violated his Fourteenth Amendment due process rights and Eighth Amendment rights against cruel and unusual punishment by failing to properly process his prison grievances/administrative appeals, i.e., by "intentionally screening out/rejecting and canceling my appeals so that I could not successfully exhaust all of my administrative remedies," ECF No. 1 at 3; "not processing some of my appeals or responding in a timely fashion," id. at 4; "only processing some of my appeals," id. at 8; and "rejecting and screening out my appeals for improper reasons," id. at 9. The named defendants include CSP-SAC appeals review staff members J. Abernathy and J. Carling, Correctional Officer S. Snowden, Lieutenant/Hearing Officer Todd, Lieutenant Hiese, Associate Warden R. Meier, and Chief Deputy Warden "John Doe." Id. at 2, 5. Plaintiff seeks punitive damages in the amount of $4 million. Id. at 10, 23.

As framed, the complaint fails to state a cognizable legal claim against any defendant. Prisoners cannot state cognizable stand-alone due process claims premised on the failure of correctional staff to properly process their grievances. "[P]rison officials are not required to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process his inmate grievances." Ramirez v. Galaza, 334 F.3d 850,

860 (9th Cir. 2003).

Similarly, prisoners cannot state cognizable due process claims based on allegedly false accusation or Rules Violation Reports (RVRs). See e.g. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections . . . are provided.").

Nor do plaintiff's allegations support an Eighth Amendment claim. "Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny. . . . After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986) (citations and internal punctuation omitted). "[T]he issuance of Rules Violation Reports, even if false, does not rise to the level of cruel and unusual punishment." Hutchinson v. Infante, 2017 WL 1709474, at *2, 2017 U.S. Dist. LEXIS 67714, at * 5 (E.D. Cal. May 3, 2017) (Case No. 2:16-cv-0114 KJM AC P) (citations and internal quotation marks omitted).

The processing of prisoner grievances is relevant only for the purpose of demonstrating that a prisoner administratively exhausted a cognizable substantive claim before bringing an action in federal court pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions. See 42 U.S.C. § 1997e(a). Regardless of the relief sought, a prisoner must pursue a remedy through all levels of the prison's grievance process "as long as *some* action can be ordered in response to the complaint." Brown v. Valoff, 422 F.3d 926, 934

(9th Cir. 2005) (original emphasis) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford v. Ngo, 548 U.S. 81, 90-1 (2006) (fn. omitted). The Supreme Court has emphasized that, before filing suit, "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." Ross v. Blake, __ U.S. __, 136 S. Ct. 1850, 1859 (2016) (citation and internal quotation marks omitted).[1]

Another requirement for stating a cognizable substantive claim is that the factual allegations demonstrate a direct causal connection between the challenged conduct of a specific defendant and the alleged violation of plaintiff's constitutional or statutory rights. There can be no liability under Section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). A complaint that fails to identify the specific acts by each defendant

---

[1] The Supreme Court has clarified that there are only "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Ross 136 S. Ct. at 1859. These circumstances are as follows: (1) the "administrative procedure ... operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme ... [is] so opaque that it becomes, practically speaking, incapable of use...so that no ordinary prisoner can make sense of what it demands;" and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1859-60 (citations omitted). Other than these circumstances demonstrating the unavailability of an administrative remedy, the mandatory language of 42 U.S.C. § 1997e(a) "foreclose[es] judicial discretion," which "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." Id. at 1856-57.

5

that allegedly violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). See Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

In addition to the limitations for stating a cognizable claim premised on the processing of a prisoner's administrative grievances, plaintiff is informed of the limitations in naming defendants who hold only supervisory roles. Liability may not be imposed on a supervisor under a respondeat superior theory, because every defendant is liable only for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The court is unable to provide further guidance to plaintiff because the undersigned is unable to discern from the instant complaint a potentially cognizable substantive claim. Nevertheless, plaintiff will be granted leave to file a First Amended Complaint in a further attempt to state a cognizable claim.

V.     Leave to File a First Amended Complaint

Subject to the legal standards set forth herein, plaintiff may file a proposed First Amended Complaint (FAC) within thirty days after service of this order. The FAC must be on the form provided herewith, labeled "First Amended Complaint," and provide the case number assigned this case. The FAC must be complete in itself without reference to any prior pleading. See Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the prior pleading is superseded. The FAC will be screened by the court pursuant to 28 U.S.C. § 1915A.

Failure to timely file a FAC will result in the dismissal of this action without prejudice.

VI.     Summary

You have been granted in forma pauperis status to proceed in this action; you will pay the filing fee over time with deductions from your prison trust account.

The court has screened your complaint and found that your allegations fail to state a cognizable claim under Section 1983. The complaint broadly challenges the processing of your

prison grievances, which in itself fails to state a claim.  The court has informed you that while the exhaustion of – or demonstrated inability to exhaust – your prison grievances is a precondition for pursuing a civil rights action, this requirement does not sustain an independent claim.  Rather, you must exhaust or strenuously attempt to exhaust an independently cognizable civil rights claim through the grievance procedure in order to pursue the claim in federal court.

The court has also informed you of the necessity of linking your factual allegations and legal claims with specific defendants, and of the limitations in stating a cognizable claim against a supervisory official.  You have been granted leave to file a First Amended Complaint within thirty days.

VII. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's original complaint, ECF No. 1, is dismissed with leave to file a proposed First Amended Complaint within thirty (30) days after service of this order, subject to the legal standards set forth herein.  Failure to timely file a FAC will result in the dismissal of this action without prejudice.

4. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

IT IS SO ORDERED.

DATED: September 20, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE